Morphy, J.
The petitioner claims to be the owner of a house and lot in the possession of the defendant, under a purchase made from his brother, Miers Fisher, on the 20th of January, 1842. He alleges that subsequent to his purchase, David G. Pratt, Sheriff of the parish of Claiborne, by virtue of a pretended execution in favor of W. &. J. Gasquet & Co., against said Miers Fisher, did, on the 2d of July, 1842, sell the said property to the defendant, who has ever since been in possession thereof, and claims to hold it under said sale. He alleges that this sale is illegal and invalid; that Gasquet & Co., the plaintiffs in execution, had no right to have the property seized and sold; but that, if they had a lien or mortgage upon it, they should have brought against him an hypothecary action, and thus afforded him an ap-portunity of contesting their right or claim. He prays that the sheriff’s sale be declared null and void; that he be decreed to be the rightful owner of the property ; and be allowed to recover from the defendant two hundred and fifty dollars, as damages for the occupation of the premises from the day of the sale. The defendant, after a general denial, avers that he bought the pro *96 perty sued for, at a sheriff’s sale, on the 2d July, 1842, and gave for it a twelve-months bond for eight hundred dollars, with George W-Thompson as his surety, and that it was sold as the property of Miers Fisher, to satisfy a judgment of Win. & J. Gasquet against him. He prays that Miers Fisher, and Wm. & J. Gasquet & Go., be cited in warranty; that his bond for $800 be cancelled, and that he have judgment over, against his warrantors, for such amount as he may be decreed to pay. Miers Fisher answers, that since the institution of this suit, he has been declared a bankrupt by a decree of the District Court of the United States, for the Western District of Louisiana, and excepts to the jurisdiction of the court so far as he is concerned. W. & J. Gasquet & Co., the other-warrantors, answering in their turn, say, that they deny the allegations of the petition, and will require strict proof thereof j that under a judgment obtained by them against Miers Fisher and Charles H. Feeder, they had the property In question seized and sold as belonging to the former, without any notice of any outstanding title, if there be any; that their mortgage was recorded long before plaintiff alleges to have acquired title. They aver that the sale under which he claims, is a fraudulent transaction : deny that possession of the premises was ever given to the plaintiff before the sheriff’s sale, or that the consideration expressed in the deed of conveyance to plaintiff, to be cash in hand received, was ever paid, or any part thereof. They further allege collusion and fraud between the plaintiff and his brother Miers Fisher, who was then insolvent, require strict proof of the payment of the purchase money, and pray for a trial by jury. This answer which was signed by McGuire and Ray, as the attorneys of W. & J. Gasquet & Co., was filed on the 21st of October, 1843. On the 26th of the same month, another answer, containing only a general denial, appears to have been filed in the name of the same parties, and is signed by D. L. Evans, as their attorney at law. There was a judgment below, annulling the sheriff’s sale to the defendant, and decreeing the property claimed to the plaintiff, together with $187 50, for rent; and judgment was further rendered against the warrantors, Gasquet & Co., in favor of the defendant, cancelling his bond of $800, and allow *97 ing him $187 50, for the rent of the property. W. & J. Gas-quet & Co., have appealed.
■It has been urged in this court, on the part of the warrantors and appellants, that after their counsel, McGuire and Ray, had left the court, a second answer was filed by D. L. Evans, without any authority to represent them; that their case was tried without being set for trial; and that, although they had prayed for a jury, none was empannelled ; that Miers Fisher, the plaintiff’s brother, who was a party to the shit, and charged with collusion, was permitted to be sworn as a witness; and that a great part of the evidence in the case, consists of admissions stated by the clerk to have been made by all the parties, when they, the warrantors, were not present, either in person, or by their counsel, McGuire and Ray; and that, therefore, all the proceedings are null and void. Th'is court has repeatedly said that an allegation that an attorney at law is not duly authorized to appear in a suit, will not be noticed, unless supported by affidavit. 9 Martin, 88. 10 Ib. 638. 4 Robinson, 23. Had the authority of the attorney, who appears to have managed the case below on the part of the warrantors, been thus disavowed, the- facts alleged would have alone sufficed to induce us to remand the ease, without examining it on its merits ; but no affidavit of the party has been offered, even in this court, where perhaps, under the circumstances, it might have been noticed. We cannot, therefore, consider the suit as having been conducted by an attorney not authorized to appear in it by the appellants, although the facts alleged and exhibited by the record, seem to give some probability to the allegation made in this court.
On the merits, the record shows that on the 20th of January, 1842, Miers Fisher executed to his brother S. G. Fisher, a sale of the property in dispute, under private signature, for the sum of $2000, which he acknowledged, to have received in cash. The plaintiff was then living in Mobile, and the deed was accepted for him by Edward R. Olcott, who signed it as his agent. It is* not pretended that he had then any authority to buy real property for the plaintiff; but, on the fourth of February following, we find the latter executing to him a power of attorney, in which, in general terms, he confirms all and every acceptance of title *98 to real estate, situated in the parish of Claiborne, which, in his name, or for him, the said Edward R. Olcott, may have previously made. The sale was recorded in the office of the Parish Judge, on the 21st of February, 1842. Miers Fisher, who was sworn as a witness, testified that the defendant N. Moore, occupied the house he sold to his brother, as the tenant of the latter, from the time of the sale, and agreed to pay $150, per annum. No evidence whatever is to be found in the record, of the payment of the price mentioned in the sale between the plaintiff and his brother, notwithstanding the charge of fraud and collusion made against them, and the denial of any such payment having ever been made; nor is it shown, that Miers Fisher owned at the time, any other property than that conveyed to the plaintiff. It appears to us, that, under the circumstances and pleadings of this case, the plaintifi was bound to show the reality of the sale. The declaration in the act under private signature makes no proof of the payment of the price in a case like the present; and the creditor, who attacks a sale as simulated, on the ground that no price has been paid, cannot be required to prove a negative. But it is contended, on the part of the plaintiff, that a creditor cannot treat the conveyance of his debtor as null and fraudr ulent, and seize the property in the hands of his vendee. This is true; and had the plaintiff enjoined the proceedings under which Gasquet & Co., were proceeding to sell the property, they would have had to resort to a direct action, to annul the conveyance made by their debtor; but the plaintiff having stood by, and suffered the sheriff to sell the property as belonging to their debtor, they have, we think, the right of pleading, by way of exception, whatever they could urge in a direct action against the sale now set up by the plaintiff. As the latter, however, may have neglected to prove the reality of the sale under which he claims, from a belief that this proof could be called for only in a direct revocatory action; and as, on the other hand, the circumstances disclosed by the record, throw some doubt on the fairness of the trial below, and the authority of the counsel who undertook to conduct it on the part of the warrantors, Gasquet &, Co., who are the real defendants in the suit, we think that justice requires that the case should be remanded for a new trial.
Olcott, for the plaintiff.
Me Guire and Ray, for the appellants.
It is, therefore, ordered that the judgment of the District Court be reversed, and that this case be remanded to be proceeded in according to law ; the plaintiff and appellee, to pay the costs of this appeal.